No. 25-321

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

JOAQUIN ORELLANA CASTANEDA and GERMAN HERNANDEZ ARGUETA,

Plaintiffs-Appellees,

v.

COUNTY OF SUFFOLK; STEVEN BELLONE, County Executive, County of Suffolk, in his Official Capacity; SUFFOLK COUNTY SHERIFF'S OFFICE; VINCENT F. DEMARCO, Sheriff, Suffolk County Sheriff's Office, in his Official Capacity; ERROL TOULON, JR., Sheriff, Suffolk County Sheriff's Office, in his Official Capacity,

Defendants-Appellants.

On Appeal from the
United States District Court
for the Eastern District of New York,
No. 2:17-cv-04267-WFK-ARL

**PLAINTIFFS-APPELLEES' MOTION TO DISMISS THE APPEAL**

| | |
|---|---|
| Aldo A. Badini | Andrew Case |
| Winston & Strawn LLP | LatinoJustice PRLDEF |
| 200 Park Avenue | 475 Riverside Dr., Suite 1901 |
| New York, NY 10166 | New York, NY 10115 |
| Telephone: (212) 294-6700 | Telephone: (212) 739-7506 |

*Attorneys for Plaintiffs-Appellees*

## **TABLE OF CONTENTS**

                                                     **Page**

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS ....................................................................................1

ARGUMENT .........................................................................................................3

I.     The Court Should Dismiss this Appeal Because the County Has No Right to Appeal. ..................................................................................3

        A.     This Appeal Should be Dismissed Because the County Has Improperly Attempted to Appeal a Nonfinal Interlocutory Order. ..................................................................................4

        B.     The District Court Has Not Granted Certification of Appeal ...............6

II.    Even if the County Had the Right to Appeal, This Appeal Should be Dismissed as Untimely ...............................................................................9

CONCLUSION ...................................................................................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashmore v. CGI Grp., Inc.*,
  860 F.3d 80 (2d Cir. 2017) ................................................................................. 5

*City of New York v. A-1 Jewelry & Pawn, Inc.*,
  No. 06-CV-2233 (JBW), 2007 WL 4557311 (E.D.N.Y. Sept. 27,
  2007) ................................................................................................................. 8

*Innovatus Cap. Partners, LLC v. Neuman*,
  No. 22-327, 2022 WL 3371348 (2d Cir. July 21, 2022) .................................... 5

*Jing Fang Luo v. Panarium Kissena Inc.*,
  No. 15CV3642WFKSLT, 2017 WL 10439589 (E.D.N.Y. July 21,
  2017) ............................................................................................................ 8, 9

*Jok v. City of Burlington, Vermont*,
  96 F.4th 291 (2d Cir. 2024) ............................................................................... 5

*Koehler v. Bank of Bermuda Ltd.*,
  101 F.3d 863 (2d Cir. 1996) .............................................................................. 7

*Liberty Mut. Ins. Co. v Wetzel*,
  424 US 737 (1976) ............................................................................................ 4

*Linde v. Arab Bank, PLC*,
  882 F.3d 314 (2d Cir. 2018) .............................................................................. 4

*Mendez v. Radec Corp.*,
  411 F. Supp. 2d 347 (W.D.N.Y. 2006) ........................................................... 10

*Mene v. Sokola*,
  No. 24-520, 2024 WL 2992858 (2d Cir. May 6, 2024) .................................... 5

*Murphy v. Reid*,
  332 F.3d 82 (2d Cir. 2003) ................................................................................ 8

*In re Nasdaq Mkt.-Makers Antitrust Litig.*,
  189 F.3d 461 (2d Cir. 1999) ............................................................................ 12

*Nat'l Asbestos Workers Med. Fund v Philip Morris, Inc.*,
   71 F. Supp. 2d 139 (E.D.N.Y. 1999) ................................................................8

*Petrello v. White*,
   533 F.3d 110 (2d Cir. 2008) ............................................................................4

*Pineiro v. Pension Benefit Guar. Corp.*,
   22 Fed. App'x 47 (2d Cir. 2001) .....................................................................7

*Scottsdale Ins. Co. v. McGrath*,
   88 F.4th 369 (2d Cir. 2023) .............................................................................5

*State Nat'l Ins. Co. v. County of Camden*,
   824 F.3d 399 (3d Cir. 2016) ..........................................................................11

*Swint v. Chambers Cnty. Comm'n*,
   514 U.S. 35 (1995) ..........................................................................................7

*Talano v. Nw. Med. Fac. Found., Inc.*,
   273 F.3d 757 (7th Cir. 2001) .........................................................................11

*United States v. Donovan*,
   55 Fed. App'x 16 (2d Cir. 2003) ...................................................................12

*Williams v. County of Nassau*,
   779 F.Supp.2d 276 (E.D.N.Y. 2011) .............................................................10

**Statutes**

28 U.S.C. § 1291 ............................................................................... 3, 4, 5, 6

28 U.S.C. § 1292(b) ................................................................................*passim*

**Other Authorities**

Fed. R. App. P. 3(a) ........................................................................... 6, 10, 12

Fed. R. App. P. 4 ............................................................................... 10, 11, 12

Fed. R. App. P. 5 ......................................................................................6, 8

Fed. R. Civ. P. 59 .................................................................................. 10, 11

Fed. R. Civ. P. 60(b) .......................................................................................11

# INTRODUCTION

Plaintiffs-Appellees (the "Class") respectfully move the Court to dismiss this appeal for lack of appellate jurisdiction. Defendants-Appellants (the "County") have attempted to appeal a nonfinal interlocutory Order granting partial summary judgment to the Class, which resulted today in the District Court issuing a stay of the underlying proceedings.[1] Such an order is not appealable under the governing law. And even if the underlying summary judgment order were somehow appealable, this appeal is untimely, also leading to dismissal. There is therefore no need for further briefing or argument—the Class respectfully asks the Court to summarily dismiss this procedurally defective appeal.

# STATEMENT OF FACTS

In 2017, Plaintiffs-Appellees filed the underlying action on behalf of a class of individuals detained unlawfully by the Suffolk County Sheriff's Office ("SCSO") pursuant to detainer requests from United States Immigration and Customs

---

[1] Defendants-Appellants filed their Notice of Appeal (Dkt. 171) the day after the Class filed a letter (Dkt. 170) asking the district court to set a trial date. Three days later, they filed a motion to stay the district court action entirely while their appeal is pending. *See* Declaration of Aldo A. Badini filed concurrently herewith ("Badini Decl.") Ex. A (Dkt. 174). Today, the district court stayed all proceedings in this action pending this Court's resolution of this appeal. *See* Badini Decl. Ex. B (Dkt. 179).

1

Enforcement ("ICE").² The Class alleged violations of its rights under the Fourth and Fourteenth Amendments to the United States Constitution and the First Article of the New York Constitution based on the County honoring ICE requests that Class members be detained for up to 48 hours past the time they would otherwise be released.

On January 2, 2025, the district court issued the Decision and Order from which the County purports to appeal (Dkt. 166) (the "Order"). In this Order, the district court granted the Class's motion for partial summary judgment, finding the County liable on the Class's Fourth Amendment and New York State constitutional claims. The district court also granted in part and denied in part the County's cross-motion for summary judgment, including, *inter alia*, granting summary judgment for the County on the Class's Fourteenth Amendment substantive due process claim and denying summary judgment on the Class's Fourteenth Amendment procedural due process claim. The district court's Order left open for trial (a) liability and damages on the Class's Fourteenth Amendment procedural due process claim; and (b) damages for the Class's Fourth Amendment and New York State claims. On January 16, 2025, recognizing that the district court's Order was not a final order,

---

² On July 1, 2024, the district court certified a Plaintiff class of approximately 650 individuals detained by the SCSO pursuant to ICE detainer requests between July 18, 2014, and November 15, 2018. *See* Dkt. 143 (Order of Hon. William F. Kuntz, II, D.J., certifying class).

2

the County filed a Motion for Reconsideration or, in the Alternative, for Certification for Appeal pursuant to Section 1292(b). Dkt. 167 (the "Reconsideration and Certification Motion"). The district court denied the County's motion. *See* January 16, 2025 Dkt. Order.[3] On February 18, 2025, the District Court stayed the proceedings before "abiding Second Circuit resolution of Defendants' appeal." *See* Badini Decl. Ex. B (Dkt. 179).

## ARGUMENT

**I.     The Court Should Dismiss This Appeal Because the County Has No Right to Appeal.**

The County seeks to invoke the appellate jurisdiction of this Court to review a nonfinal summary judgment Order that left various issues open for trial and as to which there is no dispute that the District Court has not certified for interlocutory appeal. This unauthorized endeavor to undermine the District Court's prosecution of this action is entirely inappropriate under the governing statutory and case law requiring that this appeal be dismissed for lack of jurisdiction.

---

[3] The County has taken the position below that the District Court's one-line denial of its motion only applied to the Motion for Reconsideration and not to the alternative form of relief sought—namely, certification of the issues for appeal, which the County alleges are still pending before the District Court. *See* Badini Decl. Ex. C (Feb. 12, 2025 Ltr. of T. Dewey to D.J. Kuntz II (Dkt. 172)) at 2. This position is undermined by the fact that the District Court terminated the entire docket entry for the County's motion the same day it denied the motion. Regardless, if the County is correct, this is further evidence that apart from the lack of any basis for a Section 1291 appeal as of right, there is also no basis for seeking interlocutory review by this Court, as further discussed below.

3

      **A.** **This Appeal Should Be Dismissed Because the County Has Improperly Attempted to Appeal a Nonfinal Interlocutory Order.**

The County has no right to appeal the District Court's January 2 summary judgment Order because, as a *partial* grant of summary judgment leaving issues open for trial, the decision is not "final." Under 28 U.S.C. § 1291, the courts of appeals have jurisdiction over appeals from "final decisions of the district courts." "A final judgment or order is one that conclusively determines ***all pending claims*** of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008) (emphasis added). The Second Circuit has repeatedly affirmed that partial grants of summary judgment are nonfinal interlocutory decisions and therefore not appealable. *See, e.g.*, *Linde v. Arab Bank, PLC*, 882 F.3d 314, 323 (2d Cir. 2018) ("A grant of partial summary judgment limited to the issue of liability, which reserves the issue of damages and other relief[,] is not 'final' within the meaning of 28 U.S.C. § 1291.") (internal citations omitted); *Petrello*, 533 F.3d at 113–14 (explaining that the court of appeals lacked appellate jurisdiction over a partial summary judgment decision where plaintiffs' damages claims remained pending for trial because "no final judgment has been entered"); *see also Liberty Mut. Ins. Co. v Wetzel*, 424 US 737, 744 (1976) (holding that partial grants of summary judgment "are by their terms interlocutory" and "where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291").

4

A District Court decision denying summary judgment is not appealable for the same reason. *See, e.g.*, *Jok v. City of Burlington, Vermont*, 96 F.4th 291, 294 (2d Cir. 2024) ("Normally, we have no jurisdiction to hear an immediate appeal from a district court order denying summary judgment because such an order is not a final decision under 28 U.S.C. § 1291.") (internal citations omitted).

The Second Circuit routinely dismisses appeals like this one when it finds that appellants have improperly attempted to appeal from nonfinal orders. *See, e.g.*, *Mene v. Sokola*, No. 24-520, 2024 WL 2992858, at *1 (2d Cir. May 6, 2024) (granting motion to dismiss appeal taken from nonfinal order); *Scottsdale Ins. Co. v. McGrath*, 88 F.4th 369 (2d Cir. 2023) (dismissing appeals because the underlying decision left certain matters open); *Innovatus Cap. Partners, LLC v. Neuman*, No. 22-327, 2022 WL 3371348, at *1 (2d Cir. July 21, 2022) (granting motion to dismiss appeal taken from order granting partial summary judgment because it was not a final order); *Ashmore v. CGI Grp., Inc.*, 860 F.3d 80 (2d Cir. 2017) (granting motion to dismiss appeal taken from nonfinal order).

The District Court's Order represented a partial grant of summary judgment to the Class that left multiple issues, including damages, open for final adjudication at trial. *See supra* pp. 1-2. The County has admitted that the Court's Order was interlocutory rather than final by seeking an interlocutory certification from the District Court, which was not granted. *See* Defendants' Motion for Reconsideration

5

or, in the Alternative, for Certification for Appeal (Dkt. 167-1) at 8, 12-13. It is rather incongruous that the County first filed a motion for discretionary certification of an interlocutory appeal—which nobody suggests was granted—and then, approximately one month later, filed a purported notice of appeal as of right. The actions of the County thus demonstrate that it is well aware that it has no right under 28 U.S.C. § 1291 to appeal the District Court's grant of partial summary judgment for the Class, nor the District Court's concomitant partial denial of the County's cross-motion for summary judgment. Therefore, the Court should dismiss this appeal for lack of jurisdiction.

      **B.    The District Court Has Not Granted Certification of Appeal.**

As demonstrated above, there is no jurisdiction in this Court to take the County's appeal "as of right" under 28 U.S.C. § 1291. Moreover, there is also no basis for the County to attempt to frame this as a discretionary appeal under 28 U.S.C. § 1292(b). To begin with, Federal Rule of Appellate Procedure ("FRAP") 3(a) provides that "[a]n appeal by permission under 28 U.S.C. § 1292(b) … may be taken only in the matter prescribed by Rule[] 5." Fed. R. App. P. 3(a). FRAP 5 in turn requires a petition, which the County has not filed. *See* Fed. R. App. P. 5.

Nor is there any dispute that the District Court has not certified any issues for interlocutory appeal. The Class and County merely dispute whether the District Court, by denying the County's motion for reconsideration, *see supra* p. 2, also

6

denied the County's request for certification of an appeal pursuant to 28 U.S.C. § 1292(b). The Class understands that it was denied, while the County maintains it is pending; the parties presented their respective views to the District Court, which has not addressed this issue. *See* Feb. 11, 2025 Ltr. of A. Badini to D.J. Kuntz II (Dkt. 170) at 2; Badini Decl. Ex. C (Feb. 12, 2025 Ltr. of T. Dewey to D.J. Kuntz II (Dkt. 172)) at 2. In any event, the District Court has not certified an appeal and, therefore, the result here is the same regardless of which party's interpretation is correct. If the Class is correct and the County's certification was denied, § 1292(b) is inapplicable. If the County is correct and the certification is pending, § 1292(b) is similarly inapplicable at present.

Under 28 U.S.C. § 1292(b), the District Court has the discretion to certify appeal of "an order not otherwise appealable" if it meets certain statutory conditions. *See, e.g.*, *Pineiro v. Pension Benefit Guar. Corp.*, 22 Fed. App'x 47, 49 (2d Cir. 2001) (adding that "[o]nly exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until the entry of a final judgment") (internal citations omitted); *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) ("Section 1292(b) … is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."). Certification from the District Court is a necessary prerequisite for appellate consideration of a § 1292(b) appeal. *See, e.g.*, *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress … chose to

7

confer on district courts first line discretion to allow interlocutory appeals … If courts of appeals had discretion to [allow appeals] neither independently appealable nor certified by the district court, then the two-tiered arrangement § 1292(b) mandates would be severely undermined."); *Murphy v. Reid*, 332 F.3d 82, 83 (2d Cir. 2003) ("§ 1292(b) ... permits district courts to certify certain 'controlling question[s] of law' for interlocutory appeal to the courts of appeals. As the District Court did not do so here, § 1292(b) provides no basis for appellate jurisdiction."); *see also* Fed. R. App. P. 5(a)(3) (discussing the "required permission" from the district court).

Indeed, courts in the Second Circuit have repeatedly recognized that the District Court judge possesses full discretion and final authority to decide not to certify an interlocutory appeal under 28 U.S.C. § 1292(b). *See, e.g.*, *Jing Fang Luo v. Panarium Kissena Inc.*, No. 15CV3642WFKSLT, 2017 WL 10439589, at *1 (E.D.N.Y. July 21, 2017) (Kuntz II, J.) ("[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met.") (internal citations omitted); *City of New York v. A-1 Jewelry & Pawn, Inc.*, No. 06-CV-2233 (JBW), 2007 WL 4557311, at *1 (E.D.N.Y. Sept. 27, 2007) (Weinstein, J.) (citing *Nat'l Asbestos Workers Med. Fund v Philip Morris, Inc.*, 71 F. Supp. 2d 139, 146 (E.D.N.Y. 1999) (Weinstein, J.) ("District courts do have ***independent and unreviewable authority to deny certification*** even where the three statutory criteria are met.") (internal citations omitted) (emphasis added)).

8

As mentioned above, *see supra* p. 2, on February 18, 2025, the District Court entered an order staying the underlying action while this appeal is pending. However, this order does not amount to a certification for interlocutory appeal under § 1292(b) as it does not mention certification for appeal at all—let alone reference Defendants-Appellants' motion for certification for appeal (Dkt. 167) or discuss the mandatory statutory requirements for certification. *Cf., e.g.*, *Jing Fang Luo*, 2017 WL 10439589 at *2–*5 (Kuntz II, J.) (deciding a motion for certification for interlocutory appeal and carefully analyzing the three statutory requirements for § 1292(b) certification one by one).

Therefore, it remains indisputable that the District Court has not certified an appeal of its summary judgment Order. Consequently, regardless of whether the Class is correct that the County's certification was denied, or the County is correct that certification has not *yet* been denied, the County cannot invoke 28 U.S.C. § 1292(b) as grounds for the Court to hear this appeal because the district court has not certified the appeal. The Court should deny any such attempt.

II. **Even if the County Had the Right to Appeal, This Appeal Should Be Dismissed as Untimely.**

As detailed above, the County has no right to appellate review of the District Court's interlocutory partial summary judgment Order. In any event, the County's Notice of Appeal was untimely under the Federal Rules of Appellate Procedure. This

9

provides yet another basis for dismissal of the County's procedurally improper appeal.

The Order that the County purports to appeal from was entered on January 2, 2025. Dkt. 166. Under FRAP 3(a)(1) and 4(a)(1)(A), a party seeking to appeal a decision must file its notice of appeal "within 30 days after entry of the judgment or order appealed from." *See* Fed. R. App. P. 4(a)(1)(A). However, the County filed its Notice of Appeal on February 11, 2025—more than 30 days after entry of the Order, so the Notice of Appeal was untimely.

The County may seek to argue that its time to file a notice of appeal was tolled by virtue of FRAP 4(a)(4)(A), which provides that the 30-day deadline will be tolled if the aspiring appellant timely filed a Federal Rule of Civil Procedure ("FRCP") 59 motion, and that they filed such a motion on January 16, 2025. *See* Recons. and Certification Mot. But here, the County's motion for reconsideration was procedurally improper and not within the contemplation of the terms of FRCP 59(e). *See, e.g., Williams v. County of Nassau*, 779 F.Supp.2d 276, 280 n. 2 (E.D.N.Y. 2011) (Mauskopf, J.) (explaining that FRCP 59(e) does not allow a motion for reconsideration of a ***partial*** summary judgment order as such an order is non-appealable and therefore not considered a "judgment" under FRCP 59(e)) (emphasis added); *Mendez v. Radec Corp.*, 411 F. Supp. 2d 347, 349 (W.D.N.Y. 2006) (Larimer,

10

J.) (explaining that a Rule 59(e) motion for reconsideration "may not be filed prior to the entry of final judgment").

The County cannot use a non-Rule 59 motion, improperly captioned as a Rule 59 motion, to toll the 30-day notice-of-appeal deadline set forth in the Federal Rules. As far as the Class has found, the Second Circuit has not yet considered the precise issue of whether a timely but otherwise improper motion tolls the 30-day deadline provided in FRAP 4(a)(4)(A), but other courts of appeals have considered this question and concluded that such a motion does not provide any tolling effect. *See, e.g.*, *Talano v. Nw. Med. Fac. Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001) (holding that a "motion was not a proper Rule 59(e) motion because it lacked sufficient specificity" and thus the "motion did not toll the thirty-day period" under FRAP 4(a)(4)(A)); *see also State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 405, 410 (3d Cir. 2016) (holding that a purported Rule 60(b) motion was "not a proper Rule 60(b) motion," and that since "[t]he function of the motion, and not the caption, dictates which Rule is applicable," this improper motion did not toll the 30-day deadline under FRAP 4(a)(4)(A)).

The County had no FRCP 59(e) grounds to move for reconsideration of the District Court's partial summary judgment Order. Therefore, its improper motion for such relief cannot toll the 30-day deadline to file a notice of appeal set forth in FRAP 4(a)(1)(A). As the County's Reconsideration and Certification Motion did

11

not toll that deadline, the County's Notice of Appeal was untimely and should be summarily rejected. *See* Fed. R. App. P. 3(a)(2) (finding failure to timely file a notice of appeal "is ground ... for the court of appeals to act as it considers appropriate, including dismissing the appeal"); *see also United States v. Donovan*, 55 Fed. App'x 16, 23 (2d Cir. 2003) (dismissing criminal appeal for lack of jurisdiction because the notice of appeal was filed after the deadline under FRAP 4); *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 189 F.3d 461 (2d Cir. 1999) (exercising FRAP 3(a)(2) discretion to dismiss an appeal because the brief was not timely filed). Therefore, the County's Notice of Appeal was not only procedurally improper but was also untimely.

## **CONCLUSION**

In this action, the County has attempted to appeal a non-appealable nonfinal partial summary judgment Order. Even if a right to appeal somehow did exist, the County's appeal is untimely and should be dismissed on that basis. For these reasons, this Court lacks jurisdiction over the County's appeal. The Class respectfully requests that the Court summarily dismiss the County's facially improper appeal and let the underlying action proceed to trial.

12

Dated: February 18, 2025  Respectfully submitted,

/s/ Aldo A. Badini

Aldo A. Badini
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
T: (212) 294-6700
F: (212) 294-4700
ABadini@winston.com

Andrew Case
LatinoJustice PRLDEF
475 Riverside Dr., Suite 1901
New York, NY 10115
T: (212) 739-7506
ACase@latinojustice.org

*Attorneys for Plaintiffs-Appellees*

13

## CERTIFICATE OF COMPLIANCE

I, Aldo A. Badini, attorney for the Plaintiffs-Appellees, certify that this PLAINTIFFS-APPELLEES' MOTION TO DISMISS THE APPEAL complies with the word limit under Federal Rules of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Rule 32(f), it contains 2,999 words.

This document also complies with the typeface and type-style requirements of Rule 27(d)(1)(E) because it has been prepared, in accordance with Rules 32(a)(5)-(6), in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:    February 18, 2025
          New York, New York

/s/ Aldo A. Badini

Aldo A. Badini
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorney for Plaintiffs-Appellees*

# CERTIFICATE OF SERVICE

I, Aldo. A. Badini, attorney for the PLAINTIFFS-APPELLEES, hereby certify that on February 18, 2025, this PLAINTIFFS-APPELLEES' MOTION TO DISMISS THE APPEAL was electronically filed using the Court's ACMS system, which will notify all parties of record.

Dated:     February 18, 2025
           New York, New York

/s/ *Aldo A. Badini*

Aldo A. Badini
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorney for Plaintiffs-Appellees*